# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 16-CR-87-LRR |
| vs. | **ORDER** |
| CARL ARTHUR LINDEN, JR., | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant Carl Arthur Linden, Jr.'s Objections (docket no. 105) to United States Chief Magistrate Judge C.J. Williams's Report and Recommendation (docket no. 104), which recommends that the court deny Defendant's "Motion to Withdraw Guilty Plea" ("Motion") (docket no. 92).

## II. RELEVANT PROCEDURAL BACKGROUND

On November 15, 2016, a grand jury returned a one-count Indictment (docket no. 2) charging Defendant with possession of a national firearms destructive device not registered to possessor in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. The Indictment also contains a forfeiture allegation. On March 13, 2017, the government filed a one-count Information (docket no. 57) alleging that Defendant had possessed ammunition as an unlawful drug user in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). On that same date, Defendant filed a Waiver of Indictment (docket no. 58).

On March 13, 2017, Defendant entered a plea of guilty to Count 1 of the Information. *See* March 13, 2017 Minute Entry (docket no. 61). Defendant appeared at the plea hearing with his attorney, Alfred Willett. Assistant United States Attorney Justin Lightfoot represented the government. On March 13, 2017, Judge Williams issued a Report and Recommendation (docket no. 62), which recommended that the court accept

Defendant's plea of guilty. On March 14, 2017, the court accepted the March 13, 2017 Report and Recommendation and adjudged Defendant guilty of Count I of the Information. *See* Order Accepting Guilty Plea (docket no. 65).

On July 12, 2017, Defendant filed the Motion. On July 19, 2017, the government filed a Resistance (docket no. 99). The Motion came before Judge Williams for hearing on July 31, 2017. *See* July 31, 2017 Minute Entry (docket no. 102). On August 4, 2017, Judge Williams issued the Report and Recommendation, recommending that the court deny the Motion. On August 15, 2017, Defendant filed the Objections. The Report and Recommendation regarding the Motion to Withdraw Guilty Plea and the Objections are fully submitted and ready for decision.

### III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[] a de novo review of the disputed portions of a magistrate judge's report and recommendations"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the disputed portions of the Report and Recommendation de novo.

## IV.  RELEVANT FACTUAL BACKGROUND[1]

On March 13, 2017, Defendant entered a plea of guilty to possession of ammunition by an unlawful drug user.  March 13, 2017 Minute Entry.  At the hearing, Defendant testified that he knowingly possessed ammunition between December of 2015 and January of 2016 and that he was an unlawful user of marijuana at that time.  Government Exhibit 3 (docket no. 99-4) at 10-11.  Defendant also testified that he was generally satisfied with his attorney's representation.  *Id*. at 7.  Defendant then testified twice that no one had "forced or pressured or threatened [him] in any way to get [him] to plead guilty."  *Id*. at 22-23, 25.  Defendant also affirmed that his decision to plead guilty was voluntary.  *Id*. at 25.

At the plea hearing, the government introduced the Plea Agreement (docket no. 64), which contains a stipulation of facts.  *See* Plea Agreement ¶ 7.  Defendant stipulated that, "[o]n or about December 2015 through January 2016" he "knowingly possessed ammunition" that had "traveled in interstate commerce."  *Id*.  Defendant also stipulated that he had "smoked marijuana on multiple occasions from about December 2015 through at least January 2016."  *Id*.  At the plea hearing, Defendant testified that he initialed these paragraphs of the stipulation of facts "to indicate that the information contained in those paragraphs [was] true and correct."  Government Exhibit 3 at 14.  Defendant was released pending sentencing.  *Id*. at 33.

Defendant's release was subsequently revoked on April 25, 2017.  *See* April 25, 2017 Minute Entry (docket no. 72).  On May 9, 2017, Defendant and Mr. Willett came before Judge Williams on Mr. Willett's Motion to Withdraw (docket no. 74).  At the

---

[1] After reviewing the Motion to Withdraw Guilty Plea Hearing Transcript (docket no. 107), the court finds that Judge Williams accurately and thoroughly set forth the relevant facts in the Report and Recommendation.  *See* Report and Recommendation at 2-12.  Accordingly, the court only briefly summarizes the facts.  When relevant, the court relies on and discusses additional facts in conjunction with its legal analysis.

hearing, Defendant testified that "Mr. Willett asked [him] to plead guilty to something [he] didn't do." Motion to Withdraw as Counsel Hearing Transcript (docket no. 100) at 3. Judge Williams granted Mr. Willett's Motion to Withdraw and appointed Attorney F. David Eastman to represent Defendant.

## V. ANALYSIS

Pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), "a guilty plea may be withdrawn before sentencing if 'the defendant can show a fair and just reason for requesting the withdrawal.'" *United States v. Davis*, 583 F.3d 1081, 1089 (8th Cir. 2009) (quoting Fed. R. Crim. P. 11(d)(2)(B)). "The district court may also 'consider whether the defendant asserts his legal innocence to the charge, the length of time between the guilty plea and the motion to withdraw, and whether the withdrawal would prejudice the government.'" *Id.* (quoting *United States v. Teeter*, 561 F.3d 768, 770 (8th Cir. 2009)). However, "[i]f a defendant fails to show a fair and just reason for withdrawing his plea, . . . a district court need not address the remaining considerations." *Teeter*, 561 F.3d at 770. "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. McHenry*, 849 F.3d 699, 705 (8th Cir. 2017) (quoting *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)).

Defendant objects to Judge Williams's factual finding "that the government relied on . . . a statement by a neighbor that [he] . . . smoked with . . . Defendant in the [s]ummer of 2016." Objections at 2. Defendant asserts that this finding is incorrect because the Draft Presentence Investigation Report ("PSIR") (docket no. 79) states that Defendant had a heart attack and was in the hospital in July of 2016. *See id.*; Draft PSIR at 12. Defendant's contention is both illogical and unsupported. Further, Mr. Eastman filed a Notice of No Objections to the PSIR (docket no. 83). The PSIR explicitly stated that Defendant reported "that he had last used marijuana in approximately June or July of

4

2016." Draft PSIR at 12. Additionally, Defendant's objection to the evidence that the government relied on in filing the Information is irrelevant, as his guilty plea established that he possessed ammunition "between December of 2015 and January of 2016" and that he was an unlawful user of marijuana during that time period. *See* Government's Exhibit 3 at 10-11. The basis for the charged offense was not Defendant's alleged use of a controlled substance in July of 2016, but rather his use of marijuana approximately six months prior—a time frame that Defendant established. *See* Motion to Withdraw Guilty Plea Hearing Transcript at 88.

Defendant also objects to Judge Williams's conclusion that "the idea that a Deputy would plant those items and take photographs of them, but not seize them, is nonsensical." Objections at 3 (quoting Report and Recommendation at 11). Defendant asserts that "it is equally nonsensical" that law enforcement would not seize the items. *Id*. at 3-4. Defendant points to nothing in the record that would support his claim. Contrarily, the court finds that Judge Williams's conclusion is well-reasoned and Defendant's assertions that he recognized everything in the drawers except the ammunition and marijuana are not credible.

Defendant additionally argues that Judge Williams did not "consider[] the combined [e]ffect" of Defendant's prior counsel describing the plea offer as "the deal of the century," "strain from not being able to operate his business" and "pressure being put on him by his girlfriend." Objections at 4. The court agrees with Judge Williams's assessment that it is likely that "both [Defendant's] attorney and his fiancé encouraged [him] to accept the very favorable plea offer." Report and Recommendation at 13. That these factors may have influenced Defendant's decision to plead guilty does not call into question the fairness or adequacy of the plea hearing. *See United States v. White*, 610 Fed. App'x 579, 581-82 (8th Cir. 2015) (recognizing "that familial pressure may influence a defendant's decision to plead guilty" but that this "does not, by itself, provide a fair and

just reason to allow a defendant to withdraw a plea"). Further, the transcript from the change of plea hearing contradicts Defendant's claim that he was pressured into pleading guilty. Defendant repeatedly told the court that he had not been pressured or coerced into pleading guilty. *See United States v. Green*, 521 F.3d 929, 932 (8th Cir. 2008) (noting that the defendant's "self-serving, post-plea claims that he was . . . unable to voluntarily choose to plead guilty fly directly in the face of his own plea hearing testimony before the district court" (alteration in original) (quoting *United States v. Gray*, 152 F.3d 816, 820 (8th Cir. 1998))).

Defendant also generally asserts that he has consistently maintained his innocence. Objections at 1-2. However, as noted by Judge Williams, "Defendant made no claim of innocence until after he was again detained for violating his conditions of release by using controlled substances and [D]efendant faced the real possibility that he had blown his chance for [a] probationary sentence." Report and Recommendation at 12; *see also* Motion to Withdraw Guilty Plea Hearing Transcript at 39. The court finds that the timing of Defendant's claims of innocence do not weigh in favor of allowing him to withdraw his guilty plea. *See Davis*, 583 F.3d at 1089 ("Post-plea regrets by a defendant caused by contemplation of the prison term he faces are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea . . . ." (quoting *Teeter*, 561 F.3d at 770-71)); *United States v. Boone*, 869 F.2d 1089, 1092 (8th Cir. 1989) (affirming the district court's denial of the defendant's motion to withdraw guilty plea where the defendant "did not assert his legal innocence and he waited two months before seeking to withdraw his guilty plea"). Judge Williams accurately recounted the facts and nothing in the Objections would lead the court to a different conclusion.

Accordingly, the court agrees with Judge Williams's conclusion that Defendant has not shown a fair and just reason to withdraw his guilty plea, and the court shall overrule the Objections and adopt Judge Williams's Report and Recommendation of August 4,

2017.

## VI.  CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1)   The Objections (docket no. 105) are **OVERRULED**;

(2)   The Report and Recommendation (docket no. 104) is **ADOPTED**; and

(3)   The Motion to Withdraw Guilty Plea (docket no. 92) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 19th day of September, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA